UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CR-30-MOC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| RICKY GROVER AARON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Issuance of Previously Authorized CJA Funds. (Doc. No. 24). The Government seeks entry of an order directing that Criminal Justice Act ("CJA") funds be issued forthwith for payment of the Defendant's expert services sought pursuant to 18 U.S.C. § 3006A(e), <u>such CJA funding having already been authorized by Order of this Court</u>. (Doc. No. 20) (emphasis added). Defendant has not responded to the Motion and his time for doing so has expired.

I.     BACKGROUND

On October 18, 2023 this Court issued an Order that granted, in part, Defendant's Application pursuant to 18 U.S.C. § 3006A(e) for funding under the CJA for expert services. (Doc. No. 20). Specifically, Defendant sought authorization for CJA funds to hire an expert of his own choosing, whom he identified in his application as George Demakis, PhD, to perform a psychological evaluation and/or provide other expert services at the direction of and under the control of Defendant. (Doc. No. 16).

In his Application, Defendant asserted that the expert services of Dr. Demakis were sought "to assist [defense] counsel in the preparation of a defense." (<u>Id.</u>). In a later filing, Defendant specified that he sought authorization of CJA funding for an evaluation "to determine if the Defendant suffers from Dissociative Identity Disorder which, if diagnosed, would lead to

1

an insanity defense." (Doc. No. 18). In other words, Defendant did not seek funding for the purpose of a determination of his mental competency to stand trial.

In its Order authorizing CJA funding for Defendant's expert, the Court identified several concerns related to the admissibility of the Defendant's proffered expert testimony at trial—for example, the inadmissibility of mental health and/or disease evidence proscribed under the Insanity Defense Reform Act of 1984, 18 U.S.C. § 17 and/or Rule 704(b) of the Federal Rules of Evidence. (Doc. No. 20). As a result, the Court authorized the requested CJA funding, but for the limited purposes of evaluation relevant to: (a) a determination of the Defendant's mental competency to stand trial; and/or (b) if the Defendant intended to rely on the defense of insanity. (Id.).

On February 5, 2024, defense counsel notified the undersigned that the defense expert Dr. Demakis had not been approved for funding. (Doc. No. 24). Defense counsel further indicated that he had consulted with the Office of the Federal Defender for the Western District of North Carolina, and that counsel was informed that it was the Government's responsibility to pay for his client's expert. (Id.).

As of the date of this filing, the Defendant has not filed a notice pursuant to Rule 12.2(a) of his intention to assert the insanity defense.

## II. DISCUSSION

CJA funds are used to pay for psychiatric and related services obtained in accordance with 18 U.S.C. § 3006A(e) upon a determination that the services are "necessary for an adequate defense." CJA Guidelines - Guide, Vol. 7A, Ch. 3 § 320.20.20(a). These are typically "defense" services, where, like here, the defendant selects the expert and controls the disclosure of the expert's report. Id.; see also CJA Guidelines - Guide, Vol. 7A, Ch. 3 § 320.20.60 (to determine

existence of insanity at time of offense, under the CJA subsection (e)—*i.e.*, 18 U.S.C. § 3006A(e)—CJA funds pay for both the expert examination and trial testimony).

Here, Defendant chose to seek authorization for funding under 18 U.S.C. § 3006A(e). Authorization of CJA funding has been granted, subject to certain limitations imposed by this Court as to the scope of the funded services, and as set forth by the Court in its Order dated October 18, 2023. (Doc. No. 20). Thus, the CJA—and not the Department of Justice[1]—is financially responsible for the Court-approved expert services of Dr. Demakis.

## ORDER

**IT IS, THEREFORE, ORDERED** that, for the reasons as set forth above and by the United States in its Motion, the United States' Motion for Issuance of Previously Authorized CJA Funds (Doc. No. 24) is **GRANTED**, and, upon proper submission of an application for payment for services performed by Defense expert George Demakis, PhD, CJA funds shall be issued forthwith for payment of the authorized services.

Signed: March 19, 2024



Max O. Cogburn Jr
United States District Judge

---

[1] DOJ generally pays when a defendant files a notice of his or her intent to rely on the defense of insanity pursuant to Rule 12.2(a)—which has not happened here—and where the court must, upon the Government's motion, order the defendant to be examined under 18 U.S.C. § 4242. FED. RULE CRIM. P. 12.2(C)(1)(B).